{¶ 53} Upon motion to bar retrial, filed by the defendant, the Common Pleas Court of Summit County held an evidentiary hearing. At that hearing, the burden was on the prosecution to show that the court's previous order of a mistrial had been manifestly necessary.
 {¶ 54} "Unlike the situation in which the trial has ended in an acquittal or conviction, retrial is not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused. Because of the variety of circumstances that may make it necessary to discharge a jury before a trial is concluded, and because those circumstances do not invariably create unfairness to the accused, his valued right to have the trial concluded by a particular tribunal is sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury. Yet in view of the importance of the right, and the fact that it is frustrated by any mistrial, the prosecutor must shoulder the burden of justifying the mistrial if he is to avoid the double jeopardy bar. His burden is a heavy one. The prosecutor must demonstrate `manifest necessity' for any mistrial declared over the objection of the defendant." Arizona v. Washington (1978), 434 U.S. 497,505.[5]
 {¶ 55} After hearing the evidence presented at such hearing, the Common Pleas Court of Summit County made the factual finding that manifest necessity did not exist.
 {¶ 56} This conclusion, that the state had not met its burden and that there was no manifest necessity for a mistrial, represents the final decision of the Summit County Court of Common Pleas as to this matter. That is what is before us today and that is what is entitled to deference by this Court.
 {¶ 57} Accordingly, I agree with very little, if any, of the thrust of today's majority opinion in this case. However, notwithstanding that point, even if this case were properly to be decided on the battleground prescribed by the majority, my conclusion would not differ.
 {¶ 58} In other words, even if this appeal were to have been from the mistrial order itself, I would conclude that there was no discretion for the trial court to exercise, in the absence in the record of any exploration of other alternatives. The only thing the court had was the note itself, the wording of which is a slim reed upon which to base the denial to the defendant of a right guaranteed to him by both the Ohio and United States Constitutions. A court has no right to take away such a right unless the record amply supports the necessity for such action, and it is up to the trial court to create such a record, whether anybody asks for it or not.
 {¶ 59} Accordingly, I would affirm the decision.
[5] Though not even mentioned in the majority opinion, the defendant not only objected to the declaration of a mistrial, but also personally stated on the record that he wished to proceed with the jury that had been empanelled. Where the potential reason for declaring a mistrial is, as here, a factor that is detrimental to the defendant's case, and favorable to the prosecution's case, the conclusion seems obvious: to proceed or not to proceed is the defendant's call.